The People of the State of New York, Respondent, *v.*
Floyd McFall, Appellant.

County Court, Yates County, April 25, 1949.

*John K. Barden* for appellant.

*Lyman H. Smith, District Attorney,* for respondent.

McCann, J. The appellant was convicted on April 18, 1949, of the crime of petit larceny in violation of sections 1290 and 1298 of the Penal Law of the State of New York.

On his plea of " guilty " the Justice of the Peace imposed a sentence of thirty days in the Yates County Jail and a fine of $10. The appellant submits a petition in which the " Wherefore " clause prays that the court suspend the thirty-day sentence and the $10 fine imposed and asks that petitioner be released from the Yates County Jail and for such other and further relief as may be just.

Petitioner further alleges in his petition that on or about April 17, 1949, he was arrested by Abe Ryder, a trooper of the New York State Police for stealing three chickens from his father and mother and that he was accompanied by one Thomas

Trank, who was also arrested with appellant on the same charge. He also sets forth the facts that he was arraigned and sentenced as hereinbefore set forth and that on the same day Thomas Trank was sentenced by the Justice of the Peace to thirty days in the county jail and fined $10 but the jail sentence was suspended.

The appellant does not raise any question as to the legality of his conviction. His petition merely asks that the court suspend the thirty-day sentence and the $10 fine. He does not allege that the fine is excessive.

The law seems to be well settled that a County Court appeal from a conviction in a Court of Special Sessions must be decided on the evidence and proceedings contained in the return.

Inasmuch as the appellant does not raise any question concerning the legality of the conviction, this court must affirm appellant's conviction. While it is not properly alleged in appellant's petition, a reading of the same seems to make inference that appellant felt aggrieved due to the fact that he received more severe punishment than the other defendant. Nothing appears in the moving papers on the return from the Special Sessions Court that sheds any light on this question.

Section 1937 of the Penal Law, which prescribes the punishment for the crime committed by this appellant, and his partner, Thomas Trank, provides that a sentence of one year's imprisonment in a penitentiary or county jail or by a fine of not more than $500, or both, may be imposed. In view of the maximum punishment that might have been imposed hereunder, the punishment imposed cannot be very well said to be excessive.

The justice who must have been more familiar with the facts than this court has seen fit to suspend a thirty-day sentence on Thomas Trank and to impose, without suspension, a sentence of thirty days on this appellant.

In view of all of the above facts I am not inclined to disturb the decision of the Court of Special Sessions.

Judgment of conviction affirmed.